UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SISUNG SECURITIES CORPORATION            CIVIL ACTION

VERSUS                                    NO. 06-9630

ZURICH AMERICAN INSURANCE                 SECTION "C" (1)
COMPANY

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff, Sisung Securities Corporation ("Sisung"). Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The defendant, Maryland Casualty Company, erroneously sued as Zurich American Insurance Company, removed this matter on the basis of diversity after a default judgment had been entered against it in state court. The motion to remand is based on the application of the *Rooker-Feldman* doctrine, which is based on the rule that, except for the United States Supreme Court, the federal district courts do not have

1

subject matter jurisdiction over claims seeking the review, modification or reversal of final state court judgments.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Williams v. Liberty Mutual Insurance Co., 2005 WL 776170 (5th Cir.).  The Supreme Court has more recently defined its application to confined to "... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).   This doctrine has been applied to cases removed to federal court after entry of state court judgment.  See Nelson v. Uran, 175 F.3d 1015 (4th Cir. 1999).  "The unsuccessful litigant in state court litigation must appeal his judgment through the state court system,  and may not ask the federal district court to review it."   James Wm. Moore, 18 *Moore's Federal Practice* §133.30[3] (LexisNexis 2006).  See also Charles A. Wright, Arthur R. Miller, Edward H. Cooper, 18B *Federal Practice & Procedure* § 4469.1 (West 2006).

   The defendant argues in opposition that the underlying judgment here is not final, based on Meyerland Co. v. Federal Deposit Insurance Corp., 960 F.2d 512 (5th Cir. 1992), wherein the Fifth Circuit recognized an exception to the *Rooker-Feldman* doctrine

under the broad removal powers provided by the Financial Institutions Reform, Recovery, and Enforcement Act, 12 U.S.C. § 1819.  That case, however, does not stand for the broad proposition that jurisdiction is lacking in the removal of a state district court final judgment.   Instead, the Fifth Circuit was careful to note that "[a]lthough it is not clear whether the general removal statutes permit appellate removal ..." and "[we do not decide whether this type of removal would be proper under 28 U.S.C. § 1441." Id., 960 F.2d at 515.

The Court is presented with a default judgment entered by the state court, which is considered a final judgment under state law; it determines the merits in whole or in part if it is not appealed.  Davis v. Coregis Insurance Co., 789 So.2d 7, (La. App. 3rd Cir. 2000).   This Court agrees with the plaintiff's argument and the Fifth Circuit's advice that "[t]he Louisiana state court is in the best position to determine whether the default judgments should be declared nullities under state law."  Regions Bank of La. v. Rivet, 224 F.3d 483, 495 (5th Cir. 2000).

The defendant has not provided clear authority supporting removal jurisdiction. In the end, the Court is ever-mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E.

Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

      Accordingly,  IT IS ORDERED that the motion to remand filed by Sisung Securities Corporation is GRANTED.  (Rec. Doc. 10).  This matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

      New Orleans, Louisiana, this 12th day of March, 2007.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE